UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JULIE W., | : | Case No. 1:21-cv-185 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 27).**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 12, 2022, submitted a Report and Recommendation. (Doc. 27). Plaintiff timely filed objections. (Doc. 28).

Pursuant to Fed. R. Civ. P. 72(b)(2), "a party may serve and file **specific** written objections to the proposed findings and recommendations" of the Magistrate Judge. *Id*. (emphasis added). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). However, a district court does not need to independently review any of the magistrate judge's conclusions that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). "When no timely objection is filed, the court need only satisfy

itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 amendment.

Objections must be specific enough to permit "the district court to 'focus attention on those issues…that are at the heart of the parties' dispute,' thereby preventing the district court from being 'sandbagged' by failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (quoting *Thomas*, 474 U.S. at 147). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Additionally, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate[ judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

Plaintiff, with the assistance of counsel, filed objections to the Magistrate Judge's Report and Recommendation. Plaintiff asserts five objections, however, each objection merely reiterates her supplemental statement of errors.[1] Indeed, a vast majority of Plaintiff's objections read verbatim to her supplemental statement of errors. The

---

[1] *Compare* Plaintiff's supplemental statement of errors (Doc. 26) *with* her objections (Doc. 28):

| Objection 1 | Doc. 26 at 2-3 | Doc. 28 at 2-3 |
| Objection 2 | Doc. 26 at 3-4 | Doc. 28 at 3 |
| Objection 3 | Doc. 26 at 4 | Doc. 28 at 3-4 |
| Objection 4 | Doc. 26 at 4-7 | Doc. 28 at 4-7 |
| Objection 5 | Doc. 26 at 8 | Doc. 28 at 7-8 |

Magistrate Judge carefully considered and analyzed each of Plaintiff's errors (now reasserted as objections) before recommending that each error should be overruled. Plaintiff's complete failure to assert specific objections is tantamount to a complete failure to object.

The Court, having reviewed the Magistrate Judge's Report and Recommendation and pleadings, is satisfied that there is nothing clearly erroneous or contrary to law on the face of the record.

Accordingly,

1. The Report and Recommendation (Doc. 27) is **ADOPTED** in its entirety.
2. Plaintiff's objections (Doc. 28) are **OVERRULED**.
3. Plaintiff's supplemental statement of errors (Doc. 26) is **OVERRULED**.
4. The Commissioner's non-disability finding is **AFFIRMED**.
5. The Clerk shall enter judgment in favor of the Commissioner and terminate this action upon the docket of this Court.

**IT IS SO ORDERED.**

Date:  10/28/2022                              *s/Timothy S. Black*
                                               Timothy S. Black
                                               United States District Judge